UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BURTON, #358780,

        Petitioner,

v.

        CASE NO. 2:10-CV-13632
        HONORABLE VICTORIA A. ROBERTS

CINDI CURTIN,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.   Introduction**

Michigan prisoner Bradley Wolfbauer ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254. Petitioner was convicted of two counts of felony murder, two counts of armed robbery, two counts of assault with intent to commit murder, assault with intent to rob while armed, felon in possession of a firearm, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court. He was sentenced as a fourth habitual offender to life imprisonment without the possibility of parole on the murder convictions, concurrent terms of 40 to 60 years imprisonment on the robbery and assault convictions, a concurrent term of 20 to 40 years imprisonment on the assault with intent to rob conviction, a concurrent term of 5 to 15 years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction on June 18, 2010. *See* Offender Profile,

Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://www.state.mi.us/mdoc/asp/otis2.asp. In his petition for habeas relief, Petitioner challenges his extradition from Pennsylvania to Michigan, alleging violations of the Interstate Agreement on Detainers Act and his speedy trial rights.

## II.     Analysis

A state prisoner filing a petition for a writ of habeas corpus must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies. He has not yet pursued and/or concluded his direct appeals in the Michigan courts concerning the subject matter of this petition. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254. Petitioner must complete the state court process before seeking federal habeas relief. His petition is premature.

## III. Conclusion

For the reasons stated, the Court concludes that Petitioner has not exhausted state court remedies as to his habeas claims. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability is warranted only when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal

as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

This case is closed.

**IT IS ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: September 16, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record and John Burton by electronic means or U.S. Mail on September 16, 2010.

s/Carol A. Pinegar
Deputy Clerk

---